IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ENTERED
MAR 3 0 1992
ORDER BOOK
NO 96 PAGE 183

DAVID M. JOHNS,

    Plaintiff,

v.                              Civil Action No. 5:90-0225

PHYLLIS J. KEENE
and ROGER KEENE,

    Defendants.

### ORDER

This matter is before the Court via Defendants' motion to dismiss for lack of personal jurisdiction and Plaintiff's motion to transfer pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Upon reviewing the parties motions and various memoranda submitted in support thereof, the Court is now prepared to render its rulings.

### I.

This action regarding an automobile accident which occurred on March 8, 1988, in Tazewell County, Virginia, was initiated in this Court on March 6, 1990. Plaintiff is a resident of Fayette County, West Virginia, while the Defendants are residents of Buchanan County, Virginia. Defendants responded to Plaintiff's complaint on April 9, 1990, by filing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (4), and (5). By Standing Order entered on February 8, 1991, and filed herein on March 8, 1991, Defendants' motion for dismissal was referred to the Honorable Charles T. Cunningham, United States Magistrate Judge for the Southern District of West Virginia, for his findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On May 1, 1991, Magistrate Judge Cunningham entered his proposed findings and recommendation, wherein he recommended that the Defendants' motion to dismiss be granted. He concluded that since the accident in question occurred in Virginia, rather than West Virginia, Plaintiff could not establish service and personal jurisdiction over the Defendants under W.Va.Code § 56-3-31. See Fed.R.Civ.P. 4(e). He also found that the Plaintiff could not obtain service over the Defendants through the Secretary of State's Office pursuant to West Virginia's general long-arm statute, W.Va.Code § 56-3-33, since Defendants did not have other sufficient minimum contacts with the State of West Virginia so as to justify the Court's exercise of personal jurisdiction. Lastly, he concluded pursuant to Fed.R.Civ.P. 4(f) that the Plaintiff's attempt to cure his defective service by subsequently having the Defendants personally served in Virginia was improper and ineffective.

Plaintiff did not specifically object to the Magistrate Judge's finding of lack of personal jurisdiction. Accordingly, the Court adopts such finding of the Magistrate Judge. See United States of America v. Schronce, 727 F.2d 91 (4th Cir. 1984); Thomas v. Arn, 474 U.S. 140 (1985). However, on May 15, 1991, the Plaintiff responded to the Magistrate Judge's findings and recommendation by filing a motion to transfer this action to the Western District of Virginia at Roanoke pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Plaintiff contends that such a transfer is in the interest of justice for if his case is dismissed he will be

time-barred from re-filing it in Virginia due to the running of the applicable statute of limitations. Defendants contend that the Plaintiff's motion to transfer should be denied despite the running of the statute of limitations (1) because of the lateness of Plaintiff's motion to transfer and (2) because the "interest of justice" standard is not meant to be a vehicle for resurrecting a claim lost because the Plaintiff erred in his initial choice of forums. The Court concludes for the following reasons that Plaintiff's motion to transfer should be granted.

II.

In <u>Porter v. Groat</u>, 840 F.2d 255 (4th Cir. 1988), the Fourth Circuit was faced with the question of whether a district court could transfer a case pursuant to 28 U.S.C. § 1406(a)[1] where both venue and personal jurisdiction existed in the transferor court but where the plaintiffs' claims were time-barred by the applicable statute of limitations of the transferor state. After examining the relevant authority, the Court

> . . . adopt[ed] as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district. . . .

<u>Id.</u> at 258.

---

[1] The district court had concluded that transfer could not be effected pursuant § 1406(a) under such circumstances since venue existed in its district. Section 1406(a) provides that "[t]he district court of a district in which is filed a case <u>laying venue in the wrong division or district</u> shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (Emphasis added).

In reaching such conclusion, the Court relied heavily on <u>Goldlawr v. Heiman</u>, 369 U.S. 463 (1962), and <u>Dubin v. United States</u>, 380 F.2d 813 (5th Cir. 1967). In <u>Goldlawr</u>, a Pennsylvania district court relying on § 1406(a) had transferred a case over which it had neither venue nor personal jurisdiction of the defendants to a New York district court. Subsequently, the New York district court granted the defendants' motion to dismiss on the theory that the Pennsylvania district court lacking personal jurisdiction over the defendants did not have the authority to effectuate a § 1406(a) transfer. On appeal, the Second Circuit affirmed the transferee court's dismissal of the case.

The United States Supreme Court in reversing the Second Circuit's affirmance of the transferee court concluded that

> [t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years--that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. . . .

<u>Goldlawr</u>, 369 U.S. at 466-67.

In <u>Dubin</u>, a case more factually on point with that now before this Court, the Fifth Circuit was faced with the question of whether a district court could effectuate a transfer pursuant to § 1406(a) where venue was proper but where personal jurisdiction was lacking in the transferor court. Finding <u>Goldlawr</u>

4

controlling,[2] the Fifth Circuit held that ". . . a transfer is authorized under § 1406(a) to 'any district or division in which it could have been brought' if the transferor forum finds that it is 'in the interest of justice' to order it." Dubin, 380 F.2d at 816. More specifically, the Fifth Circuit held that

> [l]ooking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] * * * an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

Id. at 815.

As noted by the Porter Court at least three circuits have followed Dubin. See Corker v. Sameiet M.S. Song of Norway, 572 F.2d 77, 79-80 (2d Cir. 1978); Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969), cert. denied, 397 U.S. 1023 (1970); Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967). Moreover, as noted by the Porter Court, the Fourth Circuit on the basis of Goldlawr, Dubin, and their progeny has in a number of cases upon finding personal jurisdiction lacking in a district court remanded the case to provide plaintiffs an opportunity to move for the transfer of the case to an appropriate district where it could have been brought.

---

[2] The Fifth Circuit's finding that Goldlawr was controlling appears appropriate, even though venue in addition to personal jurisdiction did not exist in the transferor court in Goldlawr, for as noted by the Fourth Circuit in Porter the United States Supreme Court found Goldlawr controlling "[i]n a companion case, Hohensee v. News Syndicate Inc., 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962), where venue had been proper, but jurisdiction could not be maintained over the defendant . . . ." Porter, 840 F.2d at 257.

See <u>O'Neal v. Hicks Brokerage Co.</u>, 537 F.2d 1266 (4th Cir. 1976); <u>Chung v. NANA Development Corp.</u>, 783 F.2d 1124, 1130 (4th Cir.), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 107 S.Ct. 431 (1986); <u>City of Virginia Beach v. Roanoke River Basin Association</u>, 776 F.2d 484, 488-89 (4th Cir. 1985).

As made clear by the above authority, the Plaintiff's motion for a transfer may be granted pursuant to § 1406(a) provided this Court finds such a transfer be "in the interests of justice." Obviously, the Plaintiff herein will suffer great prejudice if his motion to transfer is denied and the Defendants' motion to dismiss is granted inasmuch as he will be time-barred from re-filing it in an appropriate Virginia Court.

The Court can find no countervailing prejudice to the Defendants under the facts of this case. Obviously, Defendants' contention that the Plaintiff filed his motion to transfer too late appears to be devoid of merit inasmuch as the Fourth Circuit has routinely, upon finding a lack of personal jurisdiction in similar cases, remanded the case to permit the plaintiff an opportunity to move for a transfer. See <u>O'Neal</u>, <u>supra</u>; <u>Chung</u>, <u>supra</u>; <u>Roanoke River Basin Association</u>, <u>supra</u>; <u>Porter</u>, <u>supra</u>. Moreover, without any direct guidance from the Fourth Circuit or the United States Supreme Court on this issue, this Court declines to accept the Defendants' invitation for this Court to find that the interests of justice do not support granting Plaintiff's motion since the finding of a lack of personal jurisdiction in this case did not rest upon an elusive concept of personal jurisdiction.

The Defendants cite two Seventh Circuit cases, <u>Coffey v. Van Dorn Ironworks</u>, 796 F.2d 217 (7th Cir. 1986); <u>Cote v. Wadel</u>, 796 F.2d 981 (7th Cir. 1986), in support of this latter argument. In <u>Coffey</u>, the Seventh Circuit affirmed a district court's denial of a § 1404(a) transfer motion despite the plaintiff's contention that the state of the proposed transferee court did not have a repose statute, unlike the state of the forum, which would bar the plaintiff's product liability claims. The <u>Coffey</u> Court reached this result in part by concluding that the "interest of justice" standard is ". . . not a vehicle for resurrecting a claim lost because the plaintiff erred in her initial choice of forums." <u>Coffey</u>, 796 F.2d at 221.

A similar result was reached in <u>Cote</u>, where the Seventh Circuit affirmed a district court's dismissal of a suit for lack of personal jurisdiction and denial of a motion to transfer despite the fact that the plaintiff would be time-barred from re-filing her case in another jurisdiction. The <u>Cote</u> Court concluded that

> [i]n effect the district court penalized Cote heavily for filing her suit in the wrong district: she is forever barred from bringing a suit that for all we know has great merit. If her mistake were one easy to commit, the penalty might be so disproportionate to the wrong that it would have to be reversed, as a clear abuse of discretion. But the mistake was elementary. Elementary prudence would have indicated to her lawyer that he must file a protective suit in Michigan because there was a only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants.

<u>Cote</u>, 796 F.2d at 985.

It is, of course, true that the United States Supreme Court noted in <u>Goldlawr</u> that the existence of venue often turns upon elusive concepts, however, nowhere did the Court therein indicate

that a district court should deny a motion to transfer if it finds that the relevant mistake made by a plaintiff was not easy to commit.[3] In fact language elsewhere in Goldlawr would appear to support an argument that the degree of a party's mistake is irrelevant, or at the very least entitled to little weight; such language of the opinion being that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, **however wrong the plaintiff may have been in filing his case as to venue**, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, 369 U.S. at 466 (emphasis added).[4] And while such language is arguably only referring to a mistake as to venue, this Court sees no reason to so limit its rationale in light of the above-discussed authorities. See Mayo Clinic, 383 F.2d at 655-56.

### III.

For the foregoing reasons, it is hereby ORDERED that the Defendants' motion to dismiss is DENIED as moot and that the Plaintiff's motion to transfer is GRANTED. The Clerk is directed

---

[3] A different result might arguably be warranted if plaintiff filed its suit in this court solely in an attempt to toll the applicable statute of limitations, while fully knowing that personal jurisdiction over the defendants did not exist in this court and intending all along to move for the case's transfer. Compare Dubin, 380 F.2d at 816 n.5, with Taylor, 415 F.2d at 1120.

[4] The Fourth Circuit has also not indicated in any fashion that the degree of a party's mistake is determinative of the issue. Moreover, this Court notes that in most cases a determination of the length of a jurisdiction's statute of limitations will not be more difficult than a determination of whether personal jurisdiction exists over a defendant in a given jurisdiction. See Porter, supra.

to forthwith transfer this case to the United States District Court for the Western District of Virginia.

The Clerk is directed to send certified copies of this Order to all counsel of record and to the United States District Court for the Western District of Virginia.

IT IS SO ORDERED this 30th day of March, 1992.

ENTER:

ELIZABETH V. HALLANAN
United States District Judge

9